Perry G. MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 57248.

Court of Criminal Appeals of Texas, Panel No. 1.

March 8, 1978.

Alan Brown and Ed Kidwell, San Antonio, for appellant.

Bill M. White, Dist. Atty., Lawrence R. Linnartz and Lisa M. Beck, Asst. Dist. Attys., San Antonio, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from an order revoking probation.

On March 3, 1976, appellant entered a plea of guilty before the court to the felony offense of indecency with a child under V.T.C.A. Penal Code, Sec. 21.11(a)(2). Punishment was assessed at three years, probated.

Among the conditions of appellant's probation was the following:

"1. Neither commit nor be convicted of any offense against the laws of the State of Texas; or any other state or of the United States of America;
. . . ."

On September 7, 1976, an amended motion to revoke was filed. The motion alleged in part that:

". . . Perry G. Moore, the defendant, did on or about the 16th day of July A.D., 1976, in Bexar County, Texas know-ingly and intentionally possess a controlled substance, namely marihuana in an amount in excess of four (4) ounces, in violation of the penal laws of the State of Texas and in violation of the said terms and conditions of his said probation."

On January 5, 1977, after a hearing, the court entered an order revoking appellant's probation. The court found that appellant had violated condition "(1)" of his probation as alleged in the first amended motion to revoke.

Appellant contends that the court abused its discretion in revoking his probation because such action was based on evidence which had been illegally seized.

The record reflects that at approximately 11:45 p. m. on July 16, 1976, Dale Hancock of the San Antonio Police Department received a call from his dispatcher for a burglary in progress. The dispatcher indicated that a white van was involved in the robbery. Upon arrival at the scene, Hancock noticed a white van parked several houses away from the address he had been given by the dispatcher. Two individuals, later identified as the appellant and Kevin Kersey, were observed standing near the van. Hancock summoned both individuals to come towards him and as they approached he noticed a strong smell of burning marihuana. He frisked both subjects and discovered a baggie of marihuana on Kersey. Nothing was found on the appellant. Kersey was then placed under arrest for possession of marihuana under two ounces, and the appellant was arrested for public intoxication. The white van, which the appellant indicated he owned, was subsequently searched by Officer Valdez, who had accompanied Hancock to the scene. Nothing of significance was discovered, and keys which had been taken from the van were returned to appellant. The officers then transported the appellant and Kersey to the Bexar County Jail. The van was left where it was parked.

George Wilson, a sergeant with the San Antonio Police Department, testified that after being relieved from duty at the Bexar County Jail at about 9:00 p. m. he returned

to his home, which was located in the neighborhood where the appellant and Kersey were arrested. Wilson testified that sometime between 11:00 and 12:00 p. m. on the night of July 16th he received a telephone call from a neighbor, Mrs. Kersey. She advised him that her son had been arrested in front of their home and asked him to find out why and assist her in getting her son out of jail. He testified that he made inquiries with the jail, visited with Kersey over the phone, and made arrangements for Kersey to obtain assistance from legal aid in obtaining a personal recognizance bond.

Wilson then telephoned Mrs. Kersey and advised her what he had done. Wilson then testified as follows:

"I went back to watching TV. I believe I was drinking a beer and watching TV at the time. She called back a few minutes later, and she was worried because Perry Moore's van was still parked out in front of her house. And I asked her, you know, why she was worried about it. And she thought maybe there would be some marijuana or something in the van that the police may come back out to the house and to satisfy her, I told her that I would come down and look in the van and, you know, to calm her down as much as I could.

    \*    \*    \*    \*    \*    \*

"I then went up to the house and went out to the van, which was parked just— well, actually it was right at her driveway, just the other side of her driveway. I looked in the van and the only thing that I could see was, I believe, a spare tire and there was a black guitar case. And, at this time, I was being—looking through the window on the driver's side when I saw the suitcase and guitar case. I went around and opened the side door on the van and I opened the guitar case. Inside the guitar case was eight white plastic bags, containing about a pound each of what I believed to be marijuana, at the time.

"I then closed the van up and I went in and called the Dispatcher and told them to have Hancock return to that address.

"Approximately an hour later, he arrived —"

Wilson then testified that he turned the marihuana over to Officer Hancock.

We initially note that Wilson, a police officer with the city of San Antonio, was a peace officer within the meaning of Art. 2.12, V.A.C.C.P. *Gilbert v. State*, Tex. Cr.R., 493 S.W.2d 783; *Green v. State*, Tex. Cr.App., 490 S.W.2d 826.

■ The State contends that since Wilson was off-duty his action in searching the white van was that of a private citizen, and therefore does not "fall within the perimeters of the Fourth Amendment proscription of unreasonable searches and seizures." We disagree.

It is clearly established that "a police officer's 'off-duty' status is not a limitation upon the discharge of police authority . . . ," *Wood v. State*, Tex.Cr.App., 486 S.W.2d 771, since an officer is for many purposes on duty 24 hours a day. *Monroe v. State*, Tex.Cr.App., 465 S.W.2d 757; *Simms v. State*, 167 Tex.Cr.R. 315, 319 S.W.2d 717.

In *Thompson v. State*, Tex.Cr.App., 426 S.W.2d 242, an off-duty policeman in plain clothes, who was "moonlighting" as an apartment building security guard, was attempting to break up a rowdy party when he was assaulted. This Court held that the officer was in the lawful discharge of his duties as a policeman.

We reject the State's contention that Wilson was acting in a private capacity when he searched the white van.

■ The question before us becomes whether Wilson violated the appellant's rights under the Fourth Amendment to the United States Constitution and Article 1, Sec. 9, of the Constitution of the State of Texas since evidence obtained in violation of the prohibition against unreasonable searches is inadmissible and must be suppressed upon a proper and timely motion. *DeLao v. State*, Tex.Cr.App., 550 S.W.2d 289; *Smith v. State*, Tex.Cr.App., 542 S.W.2d 420.

Probable cause for a search exists where the facts and circumstances known to the officer upon reasonable and trustworthy information would lead a man of reasonable caution and prudence to believe that the search would produce evidence pertaining to a crime. See *Smith v. State*, supra; *Brown v. State*, Tex.Cr.App., 481 S.W.2d 106. Exigent circumstances, no matter how compelling, will not justify a search where probable cause is lacking. *Cole v. State*, Tex.Cr.App., 484 S.W.2d 779; *Brown v. State*, supra. See *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976).

Sgt. Wilson's testimony as set out above indicates that he was advised by Kersey's mother that she was "worried because Perry Moore's [appellant's] van was still parked out in front of her house." According to Wilson, she further stated that she "thought maybe there would be some marihuana or something in the van . . . ." Wilson indicated that he searched the van simply "to calm her [Mrs. Kersey] down as much as I could." Further, on cross-examination, Wilson was asked if his intention was to conduct a search of the van after the second call from Kersey's mother. He answered, "My intention was to go through the van to satisfy her that either there wasn't anything in the van or something so she would leave me alone, to tell you the truth." It was further developed that no one had told Wilson that there was any marihuana in the van. Probable cause to justify the warrantless search is not shown.

We find that the court below erred in overruling the appellant's timely filed motion to suppress the seized marihuana. Since the seized marihuana should have been suppressed, there was insufficient evidence before the court to support its finding that the appellant violated condition "(1)" of the conditions of his probation by possessing more than four ounces of marihuana. *Beckworth v. State*, Tex.Cr.App., 551 S.W.2d 414; *Keel v. State*, Tex.Cr.App., 544 S.W.2d 151; *Scamardo v. State*, Tex.Cr. App., 517 S.W.2d 293.

The trial court abused its discretion in revoking the appellant's probation.

The judgment is reversed and the cause remanded.