**James DeMOSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–98–00301–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 15, 1999.

Jay Robert Brandon, Law Office of Jay Brandon, San Antonio, for Appellant.

Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### NATURE OF THE CASE

James DeMoss was charged in a six-count indictment with aggravated sexual assault of a child, indecency with a child by sexual contact, and inducing sexual performance by a child, all occurring "on or about" February 28, 1996, and March 15, 1996. A.V.,[1] a thirteen year-old girl at the time of the offenses, was the complainant in each count. A jury convicted DeMoss of each of the six counts. DeMoss appeals his convictions in five points of error. This court affirms DeMoss's convictions in part, and reverses and renders his convictions in part.

### FACTUAL BACKGROUND

James Jones was a San Antonio police officer, who also worked in his off-duty hours for Paragon Cable to recover illegal cable boxes. While working for Paragon, Jones received a tip from another Paragon employee that an illegal cable box was present at DeMoss's address. Based on this tip, Jones obtained a search warrant to search DeMoss's residence. Jones executed the warrant in his off-duty hours, while working for Paragon. Jones was in plain clothes, but was accompanied by another off-duty police officer in uniform, Raul Alonzo. DeMoss was not at home at the time Jones and Alonzo executed the warrant, but A.V. was, and she allowed the men to conduct the search. Jones did not find a cable box near the television, so the men conducted a general search of the residence. During the search of the residence Jones discovered photographs in a shoe box in A.V.'s closet, which he considered to be child pornography. Jones and Alonzo terminated the search and left after securing the residence with on-duty police officers. Then, in his capacity as a San Antonio police officer, Jones obtained a second search warrant to search for child pornography. Items found during the second search of DeMoss's residence and a third search of the residence next door resulted in the six charged offenses against DeMoss. The items, which included photographs and videos, were admitted during trial.

### DISCUSSION

■ In his first point of error, DeMoss challenges the trial court's denial of his motion to suppress the photographs discovered during the search of his house. DeMoss contends the first search of his residence was illegal because Jones was not acting as a police officer at the time of the search, but was acting in a private capacity for a private corporation. Because only peace officers may execute a search warrant, and Jones was off-duty

1. A.V. was not DeMoss's child, but lived with DeMoss.

and working in a private capacity, De-Moss contends Jones was not authorized to execute the search warrant. DeMoss contends the search was illegal, and, therefore, the fruits of the search and subsequent searches should not have been admitted as evidence against him.

It is undisputed that Jones was employed primarily as a San Antonio Police Officer at the time of DeMoss's arrest, and he worked part-time in his off-duty hours for Paragon Cable. The determinate issue is whether an off-duty peace officer working in a private capacity at the time he executes a search warrant is still acting in his capacity as a peace officer to effectuate a legal search. This is an issue of first impression.

■ To begin, this court must determine whether DeMoss preserved this complaint for appellate review. DeMoss raised the issue whether Jones was authorized to execute the search warrant in one of several motions to suppress he filed in a previous case filed against him. That case was dismissed, and this case was subsequently brought forward, alleging the same crimes, with a new case number. DeMoss did not refile the motions to suppress from the previous case, but filed two new motions raising different challenges to the search of his home. However, at the hearing on the motion to suppress, the State agreed to allow the motions to suppress from the previous case to be brought forward in this case. The problem occurs in DeMoss's statement in his appellate brief that he is only challenging the trial court's overruling of his second motion to suppress filed in this case. This second motion to suppress does not address the issue whether Jones was authorized to execute the search warrant while off-duty and working in a private capacity. At the hearing on the motion, however, DeMoss argued that Jones was not acting as a peace officer because he was an employee of Paragon Cable and was acting in Paragon's interest. Because DeMoss proffered argument at the hearing on this issue and

because the issue was raised in a previous motion to suppress, the trial court had the opportunity to address this argument, and DeMoss preserved the issue.

■ At a hearing on a motion to suppress, the trial court is the sole judge of the witnesses' credibility and the weight given to their testimony. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990) (en banc). On review, this court must determine whether the trial judge's fact findings are supported by the record. *Id.* This Court may review the trial judge's application of law to facts under a de novo standard of review where the resolution of the issues does not turn on an evaluation of the witnesses' credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997) (en banc).

The Code of Criminal Procedure provides that a search warrant may only be issued by a magistrate and may only be executed by a peace officer. TEX.CRIM. P.CODE ANN. art. 18.01 (Vernon Supp.1999). A peace officer includes "marshals or police officers of an incorporated city, town, or village." TEX.CRIM. P.CODE ANN. art. 2.12 (Vernon Supp.1999). The duties and powers of peace officers under the Code are also described:

> It is the duty of every peace officer to preserve peace within his jurisdiction. To effect this purpose, he shall use all lawful means. He shall in every case where he is authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime. He shall execute all lawful process issued to him by any magistrate or court. He shall give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law....

TEX.CRIM. P.CODE ANN. art. 2.13 (Vernon Supp.1999).

■ Plain reading of these statutes supports the State's position that it is immaterial to the legality of the execution of the

search warrant whether a police officer is off-duty when he executes it; as long as the person executing the warrant is actively employed as a peace officer, he is authorized to execute a search warrant. *See* TEX.CRIM. P.CODE ANN. arts. 2.12, 18.01.

The most instructive case on this issue is *Moore v. State,* 562 S.W.2d 484, 486 (Tex. Crim.App.1978). In *Moore,* the Court decided the issue whether an off-duty police officer acted as a private citizen while conducting a search of a van parked in front of a neighbor's house. In that case, the State contended that because the police officer was off-duty, he acted as a private citizen when he searched the van, and, therefore, his action did not "fall within the perimeters of the Fourth Amendment proscription of unreasonable searches and seizures." The Court disagreed, recognizing the longstanding rule of law that "an officer is for many reasons on duty 24 hours a day." *Id.* The Court held that " 'a police officer's 'off-duty' status is not a limitation upon the discharge of police authority' " in the presence of criminal activity. *Id.* (*citing Wood v. State,* 486 S.W.2d 771, 774 (Tex.Crim.App.1972)). Although *Moore* is factually distinguishable, the rule that a police officer is "on duty 24 hours a day," regardless of the capacity in which he acts, has been followed in other factually distinguishable cases, and the rule is applicable to these facts. *See e.g., Blackwell v. Harris County,* 909 S.W.2d 135, 138 (Tex.App.-Houston [14th Dist.] 1995, writ denied) (whether an injury sustained by an off-duty officer acting in law enforcement capacity was compensable).

In this case, although Jones was off-duty, and was employed by a private corporation, he was still a "peace officer" to the extent required to execute a search warrant. Jones's duties while employed by Paragon constituted furtherance of his law enforcement duties. Jones's off-duty status and employment by a private corporation did not remove the shroud of his status of a peace officer 24 hours a day and did not limit his discharge of police authority. *See Moore,* 562 S.W.2d at 486. Accordingly, the trial court did not err by denying DeMoss's motion to suppress based its finding that Jones was authorized to execute the search warrant even though he was off-duty. DeMoss's first point of error is overruled.

■ In his second point of error, DeMoss contends the trial court erred by denying DeMoss's motion to suppress because Jones's search of his home went beyond the scope of the search warrant. DeMoss contends that the scope of Jones's search of his residence exceeded its justification because Jones looked in a box in A.V.'s room that was not large enough to contain the suspected illegal cable box. DeMoss challenges the validity and reasonableness of the search because its scope was beyond that authorized by the search warrant.

■ Again, this court must first determine whether DeMoss preserved this error for review. On the first day of trial, DeMoss filed a motion to suppress, which presumably related to this issue. The motion itself did not raise any specific argument, but simply requested the suppression of A.V.'s statement to police and DeMoss's statements. The trial court allowed a hearing on the motion, during which trial counsel posed questions to Jones about the size of the cable box and the size of the box in which he found the photographs. This line of questioning implied the argument that Jones's search exceeded the scope of the warrant. At the end of the questioning, trial counsel merely requested again that the statements be suppressed, without advancing any argument. The trial court denied the motion. Although the record does not contain specific argument related to this challenge of the search of DeMoss's home, we conclude the questioning of Jones regarding the scope of his search and the special suppression hearing to address this line of questioning was sufficient to raise the issue and give the trial court ample opportunity to decide the issue.

Accordingly, DeMoss preserved error on this issue.

A search is unreasonable and violates the protections of the Fourth Amendment if it exceeds the scope of the authorizing warrant. U.S. Const. amend. IV; see Long v. State, 532 S.W.2d 591, 596 (Tex.Crim.App.1975). While the scope of the search warrant is governed by its terms, the search may be as extensive as is reasonably required to locate items described in the warrant. U.S. Const. amend. IV; Haynes v. State, 475 S.W.2d 739, 741–42 (Tex.Crim.App.1971). If the scope of the search is challenged because of the location where the items were found, the officer must show that he was properly in the place where the item was found, either on basis of the search warrant or under the authority of an exception to the warrant requirement. Snider v. State, 681 S.W.2d 60, 62–63 (Tex.Crim.App.1984); Swink v. State, 747 S.W.2d 53, 54 (Tex. App.-Texarkana 1988, no writ).

The search warrant issued to Jones authorized him to search the house at 6038 Seacomber Place, "and any and all garages, edifices, outbuildings, enclosures and openings" also located at that address for "stolen property to wit; a z-view type cable box unit, box 00024006, and said cable box intercepts, descrambles, or decodes a cable television service . . . ." The search warrant also authorized Jones to search for "any other device attached to, connected to, or incorporated with the device that intercepts, descrambles, or decodes a cable television service . . . ."

Jones testified that he executed the warrant based on the suspicion that DeMoss possessed an illegal cable box. Jones stated that he had recently recovered illegal cable boxes in the neighborhood and consequently suspected that any illegal cable box in DeMoss's home would be separated from the cable connection in the wall and hidden somewhere in the house. When he did not find the illegal cable box at the television, this suspicion prompted him to search the house, and led him to A.V.'s

room. Jones testified that the suspected illegal cable box in DeMoss's home began with two zeros, and, in his experience, cable boxes with registration numbers beginning with two zeros could be separated into two pieces, one significantly larger than the other. Jones testified that the smaller piece could have fit in the shoe box he searched. When he found the box in A.V.'s closet, Jones testified it felt heavy enough to have contained the smaller unit. Jones asked A.V. what was in the box, and she responded, "family pictures." Jones then opened the box and discovered the photographs depicting child pornography.

The language of the search warrant gave Jones the authority to search A.V.'s room. Jones's testimony was sufficient to show that the search of the house was reasonable to locate the suspected illegal cable box. The scope of the search did not exceed that reasonably necessary to locate the device or its pieces. Jones's testimony showed that he was properly in A.V.'s room and that his presence in the room did not exceed the authority given him under the search warrant. Accordingly, Jones acted in good faith to locate the suspected illegal cable box, and he conducted the search within the scope of the warrant. The trial court did not err by denying the motion to suppress on this basis. This point of error is overruled.

In his third point of error, DeMoss contends his trial counsel was ineffective by failing to preserve error on the issue raised in the first point of error because counsel did not object during trial to the admission of the fruits of the illegal search. DeMoss raised this argument in the alternative, only if this court found in the first point of error that trial counsel failed to preserve error.

This court need not address this issue based on a finding that trial counsel did preserve the error relating to the trial court's denial of DeMoss's motion to suppress by raising it in a motion to suppress filed in a previous case and brought for-

ward in this one, and by arguing the issue at the suppression hearing. Because trial counsel did preserve error for review, this argument has no merit. DeMoss's third point of error is overruled.

▇▇▇▇▇ In his fourth point of error, DeMoss contends his rights against double jeopardy were violated because he was convicted of two counts of aggravated sexual assault of a child, the greater offense, and indecency with a child by sexual contact, a lesser-included-offense, both arising from the same occurrences.[2] DeMoss also challenges his convictions based on the State's failure to prove that the offenses occurred on the exact dates alleged in the indictment.

A person commits aggravated sexual assault of a child by penetrating the female sexual organ by any means or by penetrating the mouth of a child by the sexual organ of the actor. TEX. PENAL CODE ANN. § 22.011(a)(2)(A),(B)(Vernon Supp.1999). A person commits indecency with a child by sexual contact if he engages in sexual contact with a child or exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(a) (Vernon 1994). With regard to both offenses, "child" is defined as a person younger than 17 who is not the spouse of the actor. *Id.*; TEX. PENAL CODE ANN. § 22.011(c)(1)(Vernon 1994). "Sexual contact" under Section 21.11 is defined as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or

gratify the sexual desire of any person." TEX. PENAL CODE ANN. § 21.01 (Vernon 1994). The statute of limitations for these offenses is ten years from A.V.'s 18th birthday. TEX.CRIM. P.CODE ANN. art. 12.02(5) (Vernon Supp.1999). The indictment alleged that DeMoss committed these offenses "on or about" February 28, 1996, and "on or about" March 15, 1996.

▇▇▇▇▇ The Fifth Amendment guarantee against double jeopardy embodies protection against multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Cervantes v. State,* 815 S.W.2d 569, 572 (Tex.Crim.App.1991). When the same act violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. *See Blockburger v. Uniteds States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). DeMoss seeks double jeopardy protection, since greater-inclusive and lesser-included offenses are the same for jeopardy purposes. *Parrish v. State,* 869 S.W.2d 352, 354 (Tex.Crim.App.1994) *(citing Brown v. Ohio,* 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)). An offense is included within another as a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CRIM. P.CODE ANN. art. 37.09(1)(Vernon 1981).

---

**2.** DeMoss did not raise this issue in the trial court. Ordinarily, this failure to present a double jeopardy complaint would mean no error is preserved for appellate review. *See, e.g., Ex parte Murphy,* 669 S.W.2d 320, 322 (Tex.Crim.App.1983), *cert. denied,* 469 U.S. 823, 105 S.Ct. 99, 83 L.Ed.2d 44 (1984); *Nash v. State,* 467 S.W.2d 414, 416 (Tex.Crim. App.1971). However, in cases where the trial court either knew or should have known of the jeopardy problem, no purpose is served in enforcing the state procedural rule and the defendant may assert this interest after trial. *Id.* at 416; *see also State v. Torres,* 805 S.W.2d

418, 422 (Tex.Crim.App.1991) ("[W]here a plea of jeopardy is before the same court and judge, as in the case at bar, statutory requirements concerning the plea are relaxed.")(*citing Ex parte Jewel,* 535 S.W.2d at 365); *Casey v. State,* 828 S.W.2d 214, 216 fn. 1 (Tex.App.- Amarillo 1992, no writ). Here the complained-of jeopardy problem consists of two convictions arising out of the same criminal transaction, before the same judge and jury. Because the trial court either knew or should have known of this possible complication, DeMoss may assert his claim to protection from double jeopardy in this proceeding.

DeMoss rests his protection from double jeopardy on this court's holding in *Ochoa v. State,* 955 S.W.2d 389 (Tex.App.-San Antonio 1997), *aff'd,* 982 S.W.2d 904 (Tex. Crim.App.1998). As here, *Ochoa* involved indictments for both aggravated sexual assault of a child and indecency with a child; as here, the jury convicted on both counts and punishment was assessed on both counts. *Ochoa,* 955 S.W.2d at 390–391. This court held that under the facts of that case, the indecency with a child count was a lesser-included offense of the aggravated sexual assault of a child count. *Ochoa,* 955 S.W.2d at 392. This court went on to hold that the trial court's failure to instruct the jury that one was a lesser-included offense of the other violated the defendant's protection against double jeopardy. *Id.* at 393.

In affirming this court's holding in *Ochoa,* the Court of Criminal Appeals stressed that reviewing courts should "focus[ ] on whether the evidence in this case justified the trial court in submitting instructions that would permit the jury to convict and sentence appellant" for both offenses. *Ochoa,* 982 S.W.2d at 907. That court concluded "[b]ecause there was evidence of only one offense committed by appellant . . . the state should have elected which offense upon which it would proceed or, in the alternative, received a submission of the offense of indecency with a child to the jury only as a lesser-included alternative to the offense of aggravated sexual assault." *Id.* at 908. Therefore, indecency with a child by sexual conduct can be a lesser included offense of aggravated sexual assault of a child; however, it is not automatic, but depends on the facts of the case. *See id.* at 907–08. If the evidence reveals that the defendant committed separate criminal acts during the same occurrence that would support conviction of each offense, the trial court does not err by submitting both. *See id.*

The indictment alleges that DeMoss committed the offenses "on or about" February 26, 1996, and March 15, 1996.

When an indictment uses "on or about" language, the jury may convict the defendant if it finds he committed the acts at some time prior to the presentment of the indictment, but within the statute of limitations. *See Mireles v. State,* 901 S.W.2d 458, 459–61 (Tex.Crim.App.1995). The evidence in this case established that DeMoss had numerous sexual contacts with the complainant beginning in November 1994, and that the sexual contacts occurred in Bexar County beginning in January 1996 and continued until DeMoss was arrested in July 1996. Therefore, the evidence in this case is not tied to the specific dates alleged in the indictment, but to the time from January 1996 to July 1996. If the evidence shows that DeMoss committed the alleged criminal acts in Bexar County during this time, his convictions under this indictment were proper. *See id.*

A.V. testified that she and DeMoss engaged in numerous sexual activities in Bexar County from January 1996 until July 1996. A.V. testified in general terms regarding the sexual activity, stating that the two performed oral sex upon one another and engaged in intercourse, and that DeMoss engaged in sexual contact with her for sexual gratification. When asked whether "on or about February 28th, 1996, and on or about March 15th, 1996, did the defendant's penis penetrate your mouth," A.V. responded, "Yes, ma'am." When asked whether "on or about February 28th, 1996, and on or about March 15th, 1996, did the defendant's male sexual organ penetrate your female sexual organ," A.V. responded, "Yes, ma'am." A.V. responded "yes" when asked whether DeMoss had ever touched her breasts. However, this question was ambiguous as to when this happened and was not specific as to whether it occurred in Bexar County.

DeMoss also testified in general terms, admitting he engaged in sexual contact with A.V. numerous times in Bexar County, he engaged in such activity for sexual gratification, and they engaged in oral sex and intercourse. DeMoss denied that he

engaged in any sexual contact with A.V. on the specific dates alleged in the indictment.

While it is undisputed that DeMoss engaged in oral sex and intercourse with A.V. with intent to arouse or gratify his sexual desire, and by doing so, he committed both aggravated sexual assault of a child and indecency with a child by sexual contact, the evidence provided cannot support conviction of both offenses. This evidence does not show that DeMoss engaged in both, separate criminal acts during the same occurrence, which independently would support conviction for the greater and the lesser offenses. Because the greater inclusive and lesser included offenses arose from the same conduct, they were the same for double jeopardy purposes. *Hutchins v. State*, 992 S.W.2d 629, 631–33 (Tex.App.-Austin 1999, no writ). Accordingly, this point of error is sustained and DeMoss's two convictions for indecency with a child by sexual contact are set aside.

In his fifth point of error, DeMoss contends the evidence is legally and factually insufficient to support conviction of indecency with a child. Because the previous point of error is sustained, and the two convictions for indecency with a child by sexual contact are set aside, this court need not reach this point of error.

Thus, we affirm DeMoss's conviction of two counts of aggravated sexual assault of a child and two counts of inducing sexual performance by a child, and we reverse DeMoss's conviction of two counts of indecency with a child by sexual contact.