NUMBER 13-03-00691-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

 

RICHARD TUCKER,                                                                          Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

 

     On appeal from the 28th District Court of Nueces County,
Texas.

 

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








The trial court found appellant, Richard
Tucker, guilty of the offense of possession of cocaine, and after finding an
enhancement paragraph to be true, 
assessed appellant=s punishment at eight years= imprisonment.  The trial court has certified that this case Ais not a plea-bargain case, and the
defendant has the right of appeal.@  See
TEX. R. APP. P. 25.2(a)(2).  In a single issue, appellant contends the
trial court erred in denying his motion to suppress the evidence.  We affirm.

As this is a memorandum opinion not
designated for publication and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of our decision
and the basic reasons for it.  TEX. R. APP. P. 47.4.

                                                     A.  Standard
of Review

At a suppression hearing, the trial judge is
the sole and exclusive trier of fact and judge of the credibility of the
witnesses and their testimony.  Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  The appropriate standard for reviewing a
trial court's ruling on a motion to suppress is a bifurcated standard of
review, giving almost total deference to a trial court's determination of
historical facts and reviewing de novo the court's application of the law.  Id.; Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Because the trial court did not make explicit findings of fact, we will
review the evidence in the light most favorable to the trial court's ruling and
assume that the trial court made implicit findings of fact that support its
ruling, as long as those findings are supported by the record.  State v. Ross, 32 S.W.3d 853, 855 (Tex.
Crim. App. 2000).

                                                                  B.  Analysis

Appellant contends the trial court erred in
denying his motion to suppress because the search of his person and seizure of
the cocaine violated article 38.23 of the Texas Code of Criminal Procedure and
the Fourth Amendment to the United States Constitution.  Appellant argues that the cocaine was
inadmissible at trial because it was the product of an illegal search conducted
by an off-duty constable.








                                                               1.  Off-duty Status

It is well-settled that Aan officer is for many reasons on duty 24
hours a day.@  Moore
v. State, 562 S.W.2d 484, 486 (Tex. Crim. App. [Panel Op.] 1978).  A>A police officer=s >off-duty= status is not a limitation upon the
discharge of police authority=@ in the presence of criminal activity.  Id. (citing Wood v. State, 486
S.W.2d 771, 774 (Tex. Crim. App. 1972)).

In the instant case, the officer was an
off-duty constable, working as a private security guard, when he encountered
criminal activity.  We conclude that the
constable=s employment as a private security guard did
not preclude him from carrying out his responsibilities as a certified law
enforcement officer that encounters criminal activity.

                                                       2.  Investigative Detention

An officer may conduct a brief investigative
detention when he has reasonable suspicion to believe that an individual is
involved in criminal activity.  Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim. App. 2002).  Reasonableness
of an investigative detention must be examined with regard to the totality of
the circumstances.  Id.  Justification for an investigatory detention
requires that the officer have specific articulable facts which, based upon the
officer=s experience and knowledge, creates logical
inferences warranting detention of an individual.  Garza v. State, 771 S.W.2d 549, 558
(Tex. Crim. App. 1989).  Circumstances
which fall short of probable cause may permit temporary detention of a person
for the purpose of investigation. Id. AA police officer may in appropriate circumstances
and in an appropriate manner approach a person for purposes of investigating
possible criminal behavior even though there is no probable cause to make an
arrest.@  Terry v. Ohio, 392 U.S. 1, 22 (1968).  








The constable testified that he saw
appellant engaged in suspicious activity of a possible criminal nature.  During the early morning hours, appellant was
sitting in an illegally-parked vehicle in a dark and isolated area of
downtown.  The military had been storing
vehicles and equipment in the area for shipment overseas.  The constable had seen a person running away
from the vehicle and, as he approached, observed appellant making suspicious
movements inside the vehicle.  Because
the constable had a reasonable belief that he was in the presence of possible
criminal activity, we conclude the constable was justified in exercising his
authority as a certified peace officer to briefly detain appellant for the
purpose of investigation.

                                                            3.  Weapons Search

AIn the course of an investigative detention,
an officer may conduct a limited search for weapons where it is reasonably
warranted for the officer=s safety or the safety of others.@ Carey v. State, 855 S.W.2d 85, 87
(Tex. App.BHouston [14th Dist.] 1993, pet. ref=d). 
The constable testified that his initial questioning of appellant
resulted in unsatisfactory responses, including appellant=s inability to produce any
identification.  Furthermore, the
circumstances surrounding appellant=s presence in a parked car on a dark, narrow
downtown street led the constable to believe that a limited pat-down search for
weapons was necessary for his safety. 
Given these facts, we conclude the constable was justified in performing
a pat-down search of appellant for weapons during the investigative detention.

                                                                      4.  Arrest








AIt is axiomatic that an arrest must be
accompanied by probable cause to believe that a person has engaged in or is
engaging in criminal activity.@ Francis v. State, 922 S.W.2d 176,
178 (Tex. Crim. App. 1996).  Probable
cause requires more than mere suspicion, but not as much evidence as is
necessary to secure a conviction.  Guzman,
955 S.W.2d at 87.

During the pat-down search, appellant
reached into his back pocket, took out a clear plastic bag containing rocks of
cocaine, and placed it in plain view. 
Based on experience and training, the constable believed the substance
in the plastic bag was cocaine and placed appellant under arrest.  An investigative detention may escalate into
a full-blown arrest.  See State v.
Moore, 25 S.W.3d 383, 385‑86 (Tex. App.‑‑Austin 2000, no
pet.).  We conclude that the constable,
having probable cause that appellant was in possession of a controlled
substance, made a lawful arrest.

We hold the trial court did not err in
denying appellant=s motion to suppress.  Appellant=s sole issue is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

 

Do not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed this

the 7th day of July, 2005.