COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-325-CR

 

 

RAYANNE TRIMBLE                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM COUNTY
CRIMINAL COURT NO. 3 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction








Appellant Rayanne Trimble appeals her conviction
and two-year sentence of community supervision for driving while intoxicated.  She contends in one issue that the trial
court erred by denying her motion to suppress because the information received
by the detaining officer was not sufficient to justify the stop.  We affirm.

                                        Background
Facts








At about 10:30 p.m. on December 14, 2007,
off-duty Flower Mound Police Officer Jason Toth was driving home from a social
function with his wife.  He saw the
driver of a white Ford pickup truck drive straight in a right-turn-only lane
and then drive on the shoulder.  He was
suspicious, so he followed the truck and contacted dispatch.  He identified himself to the dispatcher, who
recognized his voice.  He told dispatch
the make, model, and color of the truck. 
While he was talking to dispatch and still following the truck, Officer
Toth saw the driver of the truck continue on the shoulder for about a mile and
a half[2]
and then turn left.  Officer Toth then
gave dispatch the truck=s license plate number.  He had decided that the driver needed to be
pulled over for erratic driving.

At that point, the driver of the truck made a UBturn,
going off the road and into the muddy, unfinished shoulder.  Officer Toth could not make the turn because
of the mud and told dispatch that he could no longer follow the truck.  He told dispatch what direction the muddy
truck tracks were headed and continued on his way home.

Flower Mound Police Officer Suzanne Reed was on
her regular patrol that night when she heard that several officers in the area
were looking for a white pickup truck that had possibly wrecked in a
field.  The radio report stated that the
truck had been driving on the shoulder and gave the license plate number.  The radio report also asked officers to
locate a possibly intoxicated driver. 
Officer Reed found the truck and stopped it based on the report of
suspicion of an intoxicated driver.  She
did not personally observe the driver of the truck commit any traffic
violations.








Officer Toth got a call from dispatch stating
that another officer had stopped the truck and asking him to come to the scene,
which he did.  He identified the truck as
the same one that he had followed earlier that night by its make, model, color,
and license plate number.  Appellant had
been driving the car.  She failed field
sobriety tests, refused to give a breath sample, and was arrested for driving
while intoxicated. 

Appellant filed a motion to suppress the results
of the stop, arguing that it was made without reasonable suspicion or probable
cause.  The trial court denied the
motion.  Under appellant=s plea
bargain with the State, the trial court sentenced appellant to two years=
community supervision.  This appeal
followed.

                                         Issue
on Appeal








In a single issue, appellant challenges the trial
court=s denial
of her motion to suppress.  Specifically,
she contends that the stop was invalid and without reasonable suspicion or
probable cause because Officer Reed, the arresting officer, stopped her on
suspicion of driving while intoxicated, an observation that Officer Toth did
not remember relaying to dispatch. 
Officer Reed herself did not see the driver of the truck violate any
traffic laws and did not observe any facts giving rise to reasonable suspicion
or probable cause that the driver was intoxicated.  The State contends that Officer Toth saw
appellant commit a traffic violation and communicated that fact to dispatch,
which gave rise to Officer Reed=s
authority to stop appellant.  In
addition, the State argues that under an objective standard, a reasonable
officer could have developed reasonable suspicion that appellant was
intoxicated based on either the facts Officer Toth observed or the facts Officer
Reed received from the radio dispatches.

                                       Standard
of Review








We review a trial court=s ruling
on a motion to suppress evidence under a bifurcated standard.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  In reviewing the trial court=s
decision, we do not engage in our own factual review.  Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort
Worth 2003, no pet.).  The trial judge is
the sole trier of fact and judge of the credibility of the witnesses and the
weight to be given their testimony.  Wiede
v. State, 214 S.W.3d 17, 24B25 (Tex.
Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000), modified on other grounds by State v. Cullen, 195 S.W.3d 696, 698B99 (Tex.
Crim. App. 2006).  Therefore, we give
almost total deference to the trial court=s
rulings on (1) questions of historical fact, even if the trial court=s
determination of those facts was not based on an evaluation of credibility and
demeanor, and (2) application‑of‑law‑to‑fact questions
that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex.
Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex.
Crim. App. 2002).  But when
application-of-law-to-fact questions do not turn on the credibility and
demeanor of the witnesses, we review the trial court=s
rulings on those questions de novo.  Amador,
221 S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim.
App. 2005); Johnson, 68 S.W.3d at 652B53.

Stated another way, when reviewing the trial
court=s ruling
on a motion to suppress, we must view the evidence in the light most favorable
to the trial court=s ruling.  Wiede, 214 S.W.3d at 24; State v.
Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact
findings, we determine whether the evidence, when viewed in the light most
favorable to the trial court=s
ruling, supports those fact findings.  Kelly,
204 S.W.3d at 818B19.  We then review the trial court=s legal
ruling de novo unless its explicit fact findings that are supported by the
record are also dispositive of the legal ruling.  Id. at 818.








When the record is silent on the reasons for the
trial court=s ruling, or when there are no
explicit fact findings and neither party timely requested findings and
conclusions from the trial court, we imply the necessary fact findings that
would support the trial court=s ruling
if the evidence, viewed in the light most favorable to the trial court=s
ruling, supports those findings.  State
v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); see
Wiede, 214 S.W.3d at 25.  We then
review the trial court=s legal ruling de novo unless
the implied fact findings supported by the record are also dispositive of the
legal ruling.  Kelly, 204 S.W.3d
at 819.

We must uphold the trial court=s ruling
if it is supported by the record and correct under any theory of law applicable
to the case even if the trial court gave the wrong reason for its ruling.  State v. Stevens, 235 S.W.3d 736, 740
(Tex. Crim. App. 2007); Armendariz v. State, 123 S.W.3d 401, 404 (Tex.
Crim. App. 2003), cert. denied, 541 U.S. 974 (2004).

                                          Applicable
Law

The Fourth Amendment protects against
unreasonable searches and seizures by government officials.  U.S. Const. amend. IV; Wiede, 214
S.W.3d at 24.  To suppress evidence
because of an alleged Fourth Amendment violation, the defendant bears the
initial burden of producing evidence that rebuts the presumption of proper
police conduct.  Amador, 221
S.W.3d at 672.  A defendant satisfies
this burden by establishing that a search or seizure occurred without a
warrant.  Id.  Once the defendant has made this showing, the
burden of proof shifts to the State, which is then required to establish that
the search or seizure was conducted pursuant to a warrant or was
reasonable.  Id. at 672B73; Torres
v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005).








An officer has probable cause to stop and arrest
a driver if he observes the driver commit a traffic offense.  State v. Gray, 158 S.W.3d 465, 469B70 (Tex.
Crim. App. 2005); see State v. Ballman, 157 S.W.3d 65, 70 (Tex. App.CFort
Worth 2004, pet. ref=d).  A detention, as opposed to an arrest, may be
justified on less than probable cause if a person is reasonably suspected of
criminal activity based on specific, articulable facts.  Terry v. Ohio, 392 U.S. 1, 21, 88 S.
Ct. 1868, 1880 (1968); Carmouche v. State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000).  An officer conducts a
lawful temporary detention when he or she has reasonable suspicion to believe
that an individual is violating the law. 
Ford, 158 S.W.3d at 492. 
Reasonable suspicion exists when, based on the totality of the
circumstances, the officer has specific, articulable facts that when combined with
rational inferences from those facts, would lead him to reasonably conclude
that a particular person is, has been, or soon will be engaged in criminal
activity.  Id.  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists. 
Id.

Analysis













Here, Officer Toth could have legitimately
stopped appellant for the traffic violation he observed, regardless of his
off-duty status.  See Tex. Code
Crim. Proc. Ann. art. 2.13 (Vernon 2005); Moore v. State, 562 S.W.2d
484, 486 (Tex. Crim. App. [Panel Op.] 1978); Wood v. State, 486 S.W.2d
771, 774 (Tex. Crim. App. 1972); DeMoss v. State, 12 S.W.3d 553, 556B57 (Tex.
App.CSan
Antonio 1999, pet. ref=d).  The question then becomes whether Officer
Reed, relying on information from dispatch that may not have been exactly the
same as the information Officer Toth provided to dispatch, could have
legitimately stopped the vehicle.[3]  Probable cause is evaluated based on the
collective information known to the police, not just the stopping or arresting
officer.  United States v. Hensley,
469 U.S. 221, 229B33, 105 S. Ct. 675, 681B82
(1985); Woodward v. State, 668 S.W.2d 337, 344B46 (Tex.
Crim. App. 1982) (op. on reh=g), cert.
denied, 469 U.S. 1181 (1985); see also Armendariz, 123 S.W.3d at 403B04; Jackson
v. State, 745 S.W.2d 4, 8B9 (Tex.
Crim. App.), cert. denied, 487 U.S. 1241 (1988).[4]  Therefore, Officer Reed need not have
personally seen appellant commit a traffic violation, nor was it necessary for
dispatch to have communicated all of the information known by Officer Toth to
Officer Reed, to justify Officer Reed=s
stopping appellant.  Accordingly, because
Officer Toth witnessed appellant commit at least one traffic violation, giving
the police probable cause to stop appellant based on the collective information
known to them at the time, we conclude that the trial court did not err by
denying the motion to suppress.  We
therefore overrule appellant=s sole
issue.

Conclusion

Having
overruled appellant=s sole issue, we affirm the
trial court=s judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL: LIVINGSTON,
WALKER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]A person may drive on an
improved shoulder, if necessary and if such driving can be done safely, but
only for the following reasons:

 

(1) to stop, stand, or
park;

(2) to accelerate before
entering the main traveled lane of traffic;

(3) to decelerate before
making a right turn;

(4) to pass another
vehicle that is slowing or stopped on the main traveled portion of the highway,
disabled, or preparing to make a left turn;

(5) to allow another
vehicle traveling faster to pass;

(6) as permitted or
required by an official traffic‑control device; or

(7) to avoid a collision.

 

Tex. Transp. Code Ann. ' 545.058(a) (Vernon
1999). 





[3]Officer Toth testified
that he could not remember exactly what he told dispatch but also said that he
had not formed a reasonable suspicion that appellant was driving while
intoxicated.  He did, however, have a Apersonal belief@ that the appellant was
intoxicated.





[4]That the detaining
officer made the stop based on information relayed to dispatch by a fellow law
enforcement officer distinguishes this case from those in which the initial
information given to dispatch comes from a citizen informant.  See, e.g., Amores v. State, 816
S.W.2d 407, 414B16 & n.10 (Tex. Crim.
App. 1991) (holding that a police broadcast of a burglary in progress called in
by a citizen informant, standing alone, did not give an officer probable cause
to arrest, but also noting that even in such a case, the focus is usually on
the information known to the dispatcher in considering probable cause).