

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-325-CR**

RAYANNE TRIMBLE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Rayanne Trimble appeals her conviction and two-year sentence of community supervision for driving while intoxicated.  She contends in one issue that the trial court erred by denying her motion to suppress because the

---

[1] *See* Tex. R. App. P. 47.4.

information received by the detaining officer was not sufficient to justify the stop. We affirm.

## Background Facts

At about 10:30 p.m. on December 14, 2007, off-duty Flower Mound Police Officer Jason Toth was driving home from a social function with his wife. He saw the driver of a white Ford pickup truck drive straight in a right-turn-only lane and then drive on the shoulder. He was suspicious, so he followed the truck and contacted dispatch. He identified himself to the dispatcher, who recognized his voice. He told dispatch the make, model, and color of the truck. While he was talking to dispatch and still following the truck, Officer Toth saw the driver of the truck continue on the shoulder for about a mile and a half[2] and then turn left. Officer Toth then gave dispatch the

---

[2] A person may drive on an improved shoulder, if necessary and if such driving can be done safely, but only for the following reasons:

    (1) to stop, stand, or park;
    (2) to accelerate before entering the main traveled lane of traffic;
    (3) to decelerate before making a right turn;
    (4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;
    (5) to allow another vehicle traveling faster to pass;
    (6) as permitted or required by an official traffic-control device; or
    (7) to avoid a collision.

Tex. Transp. Code Ann. § 545.058(a) (Vernon 1999).

truck's license plate number. He had decided that the driver needed to be pulled over for erratic driving.

At that point, the driver of the truck made a U-turn, going off the road and into the muddy, unfinished shoulder. Officer Toth could not make the turn because of the mud and told dispatch that he could no longer follow the truck. He told dispatch what direction the muddy truck tracks were headed and continued on his way home.

Flower Mound Police Officer Suzanne Reed was on her regular patrol that night when she heard that several officers in the area were looking for a white pickup truck that had possibly wrecked in a field. The radio report stated that the truck had been driving on the shoulder and gave the license plate number. The radio report also asked officers to locate a possibly intoxicated driver. Officer Reed found the truck and stopped it based on the report of suspicion of an intoxicated driver. She did not personally observe the driver of the truck commit any traffic violations.

Officer Toth got a call from dispatch stating that another officer had stopped the truck and asking him to come to the scene, which he did. He identified the truck as the same one that he had followed earlier that night by its make, model, color, and license plate number. Appellant had been driving

3

the car. She failed field sobriety tests, refused to give a breath sample, and was arrested for driving while intoxicated.

Appellant filed a motion to suppress the results of the stop, arguing that it was made without reasonable suspicion or probable cause. The trial court denied the motion. Under appellant's plea bargain with the State, the trial court sentenced appellant to two years' community supervision. This appeal followed.

**Issue on Appeal**

In a single issue, appellant challenges the trial court's denial of her motion to suppress. Specifically, she contends that the stop was invalid and without reasonable suspicion or probable cause because Officer Reed, the arresting officer, stopped her on suspicion of driving while intoxicated, an observation that Officer Toth did not remember relaying to dispatch. Officer Reed herself did not see the driver of the truck violate any traffic laws and did not observe any facts giving rise to reasonable suspicion or probable cause that the driver was intoxicated. The State contends that Officer Toth saw appellant commit a traffic violation and communicated that fact to dispatch, which gave rise to Officer Reed's authority to stop appellant. In addition, the State argues that under an objective standard, a reasonable officer could have developed reasonable suspicion that appellant was intoxicated based on either the facts

4

Officer Toth observed or the facts Officer Reed received from the radio dispatches.

**Standard of Review**

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696, 698–99 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when

5

application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

Stated another way, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id*. at 818.

When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Wiede*, 214 S.W.3d at 25. We then review the trial court's legal ruling de novo unless

the implied fact findings supported by the record are also dispositive of the legal ruling. *Kelly*, 204 S.W.3d at 819.

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

**Applicable Law**

The Fourth Amendment protects against unreasonable searches and seizures by government officials. U.S. Const. amend. IV; *Wiede*, 214 S.W.3d at 24. To suppress evidence because of an alleged Fourth Amendment violation, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Amador*, 221 S.W.3d at 672. A defendant satisfies this burden by establishing that a search or seizure occurred without a warrant. *Id*. Once the defendant has made this showing, the burden of proof shifts to the State, which is then required to establish that the search or seizure was conducted pursuant to a warrant or was reasonable. *Id*. at 672–73; *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

7

An officer has probable cause to stop and arrest a driver if he observes the driver commit a traffic offense. *State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005); *see State v. Ballman*, 157 S.W.3d 65, 70 (Tex. App.—Fort Worth 2004, pet. ref'd). A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. *Ford*, 158 S.W.3d at 492. Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Id*. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id*.

## Analysis

Here, Officer Toth could have legitimately stopped appellant for the traffic violation he observed, regardless of his off-duty status. *See* Tex. Code Crim. Proc. Ann. art. 2.13 (Vernon 2005); *Moore v. State*, 562 S.W.2d 484, 486

(Tex. Crim. App. [Panel Op.] 1978); *Wood v. State*, 486 S.W.2d 771, 774 (Tex. Crim. App. 1972); *DeMoss v. State*, 12 S.W.3d 553, 556–57 (Tex. App.—San Antonio 1999, pet. ref'd). The question then becomes whether Officer Reed, relying on information from dispatch that may not have been exactly the same as the information Officer Toth provided to dispatch, could have legitimately stopped the vehicle.[3] Probable cause is evaluated based on the collective information known to the police, not just the stopping or arresting officer. *United States v. Hensley*, 469 U.S. 221, 229–33, 105 S. Ct. 675, 681–82 (1985); *Woodward v. State*, 668 S.W.2d 337, 344–46 (Tex. Crim. App. 1982) (op. on reh'g), *cert. denied*, 469 U.S. 1181 (1985); *see also Armendariz*, 123 S.W.3d at 403–04; *Jackson v. State*, 745 S.W.2d 4, 8–9 (Tex. Crim. App.), *cert. denied*, 487 U.S. 1241 (1988).[4] Therefore, Officer Reed need not have personally seen appellant commit a traffic violation, nor

---

[3] Officer Toth testified that he could not remember exactly what he told dispatch but also said that he had not formed a reasonable suspicion that appellant was driving while intoxicated. He did, however, have a "personal belief" that the appellant was intoxicated.

[4] That the detaining officer made the stop based on information relayed to dispatch by a fellow law enforcement officer distinguishes this case from those in which the initial information given to dispatch comes from a citizen informant. *See, e.g.*, *Amores v. State*, 816 S.W.2d 407, 414–16 & n.10 (Tex. Crim. App. 1991) (holding that a police broadcast of a burglary in progress called in by a citizen informant, standing alone, did not give an officer probable cause to arrest, but also noting that even in such a case, the focus is usually on the information known to the *dispatcher* in considering probable cause).

was it necessary for dispatch to have communicated all of the information known by Officer Toth to Officer Reed, to justify Officer Reed's stopping appellant. Accordingly, because Officer Toth witnessed appellant commit at least one traffic violation, giving the police probable cause to stop appellant based on the collective information known to them at the time, we conclude that the trial court did not err by denying the motion to suppress. We therefore overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.

TERRIE LIVINGSTON
JUSTICE

PANEL: LIVINGSTON, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 16, 2009