

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00198-CR

Antonio **PULIDO-MAYA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 11-11-0273-CRA
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  December 11, 2013

AFFIRMED

Antonio Pulido-Maya appeals his conviction for possession of a useable quantity of marijuana in an amount greater than fifty pounds but no more than two thousand pounds. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b) (West 2010). Pulido-Maya was stopped and detained for speeding while driving northbound on Interstate 37 in Atascosa County, Texas. The Texas Department of Public Safety trooper who stopped and detained Pulido-Maya discovered 133.8 pounds of marijuana in Pulido-Maya's gas tank, after Pulido-Maya consented to a search. Pulido-

Maya moved to suppress evidence arising from the traffic stop. After the motion was denied, Pulido-Maya pled no contest, and the trial court sentenced him to twelve years' imprisonment.

In his written motion, Pulido-Maya moved to suppress on the ground that he "was arrested without lawful warrant, probable cause or other lawful authority" and that "any tangible evidence seized in connection with this case . . . was seized without warrant, probable cause or other lawful authority," and he further complained of general constitutional violations. He asked the court to suppress any evidence of his arrest, any evidence related to the arrest, and any evidence seized as a result of the arrest or connected to the police investigation. Pulido-Maya did not present any evidence at the motion to suppress hearing. The State's sole witness was the DPS trooper who stopped Pulido-Maya. At the conclusion of the trooper's testimony, Pulido-Maya's counsel argued "our challenge here today is a fourth amendment [sic] charge that this detention was illegal almost from the outset and that because of the illegal detention, the consent, even though given voluntarily, should be considered invalid." He continued "because the consent was given during what I consider to be an illegal detention, the consent should be considered invalid and the proceeds of the investigation, the marijuana found should be considered fruit of the poisonous tree and should be thrown out." At the hearing's conclusion, the trial court denied the motion to suppress, stating on the record its reasons for finding that the DPS trooper's extension of the traffic stop was not unreasonable. It also stated that Pulido-Maya's consent was "given freely and voluntarily." No written findings of fact or conclusions of law were requested or made.

On appeal, Pulido-Maya challenges the denial of the motion to suppress on grounds not presented to the trial court. He presents the issue before this court as "[t]he appellant would respectfully submit that the trial Court [sic] in its legal conclusion that the consent given was given freely and voluntarily." He only sets out authority discussing voluntary consent, and his actual argument consists of seven sentences:

> In the instant case the trial court made an express finding that the consent in question was 'given freely and voluntarily.' The finding went no further than that wholly conclusory statement by the trial court. The finding by the trial court did not take into account the totality of the circumstances surrounding the purported consent. Specifically, the finding of the trial court did not encompass a finding that when asked for consent by [the DPS trooper] the appellant's reply of 'go for it' amounted to a voluntary consent to conduct a search of the magnitude demonstrated by the subsequent actions of [the DPS trooper]. The prosecution failed to meet its burden of demonstrating a valid consent as a basis for justifying the presumptively unreasonable conducted by members of law enforcement. *Baldwin v. State*, 278 S.W.3d 367 (Tex. Crim. App. 2009); *Carmouche v. State*, 10 S.W.3d 323 (Tex. Crim. App. 2000). The order of the trial Court [sic] denying the appellant's [sic] constituted an abuse of discretion. It should be reversed.

Pulido-Maya thus appears to contend that 1) his consent was not voluntarily given; 2) the trial court made insufficient findings of fact for appellate review on that issue; and 3) the DPS trooper's search of Pulido-Maya's gas tank was outside the scope of his consent.

To preserve error for appellate review, the Rules of Appellate Procedure require a defendant to make a timely request, objection, or motion to the trial court, stating "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."[1] TEX. R. APP. P. 33.1(a)(1)(A). A motion to suppress is a specialized objection to the admissibility of evidence, and thus must be timely and sufficiently specific to inform the trial court of the complaint. *Krause v. State*, 243 S.W.3d 95, 102 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). If the motion to suppress does not identify specific constitutional violations, the defendant's argument and questioning of witnesses at a suppression hearing may suffice to make the grounds apparent from the context. *See DeMoss v. State*, 12 S.W.3d 553, 557–58 (Tex. App.—San Antonio

---

[1] The State has not argued that Pulido-Maya failed to preserve the issue of voluntariness, but we have an independent duty to ensure that a complaint was preserved before addressing its merits. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (per curiam) (op. on reh'g).

1999, pet. ref'd). If a defendant moves to suppress evidence and his motion is denied, his points of error on appeal must comport with his grounds for suppression in the trial court. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

In *Strauss v. State*, the appellant, after being stopped for speeding, consented to a search of his van that resulted in the seizure of sixty pounds of marijuana. 121 S.W.3d 486, 489 (Tex. App.— Amarillo 2006, pet. ref'd). He filed a motion to suppress challenging the validity of his consent, alleging "the officers entered upon and searched 'premises' and seized materials 'without lawful consent or lawful authority and without a search warrant.'" *Id.* However, the appellant did not raise the issue of the voluntariness of his consent at the suppression hearing, even after the trial judge specifically returned to the courtroom to clarify the issues the parties wanted him to consider. *Id.* In addition, the appellant tendered a brief to the trial court, expressly representing "that while he thought it 'doubtful that the consent to search . . . was voluntary,' the 'issue does not have to be decided' since the prior arrest was unlawful." *Id.* at 490. The court of appeals was "troubled with the prospect that an appellant can urge an objection on particular grounds in a written motion, later inform the trial court to disregard one or more of those grounds, and then contend, on appeal, that one of those very grounds which the trial court was directed to ignore actually warrants reversal of the judgment." *Id.* (citing *Prystash v. State*, 3 S.W.3d 522 (Tex. Crim. App. 2003) (discussing the doctrine of invited error by which a litigant is estopped from complaining about that which he induced)). In addition, the appellant violated the spirit of the preservation rule because "[i]ndicating that one ground for objection need not be addressed falls short of informing the trial court, with sufficient specificity, of all the grounds upon which the appellant relies in asserting his complaint." *Id.* The court of appeals concluded that the "appellant [could not] assert, on appeal, the ground that he told the court need not be decided." *Id.*

We are confronted with an almost indistinguishable situation. Pulido-Maya was stopped for a traffic violation, and while he was detained, he consented to a search of his vehicle, resulting in the discovery of marijuana. The motion to suppress filed in the trial court focused exclusively on the DPS's trooper allegedly illegal detention of Pulido-Maya. At the suppression hearing, his counsel expressly conceded Pulido-Maya's consent to search his vehicle was "given voluntarily," and only argued that Pulido-Maya's consent was "invalid" because the DPS trooper illegally extended his detention of Pulido-Maya, thereby tainting the validity of his consent. Thus, not only did Pulido-Maya's counsel not raise the issue of voluntariness to the trial court, he affirmatively disclaimed it as an issue. Because the issue of the voluntariness of Pulido-Maya's consent was not sufficiently specified in the motion to suppress, was not apparent from the context of the hearing, and was in fact affirmatively disclaimed as an issue to the trial court, any issue of voluntariness was not preserved for appellate review. *Id.*; *see Wilson*, 71 S.W.3d at 349; TEX. R. APP. P. 33.1(a)(1)(A).

The trial court was not aware that any issue concerning the voluntariness of Pulido-Maya's consent existed and was in fact informed that his consent was voluntary. We decline to require the trial court to make findings on an uncontested issue.

Finally, to the extent that Pulido-Maya contends the search of his gas tank was outside the scope of his consent, we hold that, because he did not present that issue to the trial court, it was not preserved for appellate review. *See Wilson*, 71 S.W.3d at 349; TEX. R. APP. P. 33.1(a)(1)(A).

Because the complaints presented by Pulido-Maya on appeal do not comport with the complaint that Pulido-Maya presented to the trial court, this court is presented with nothing to review, and we must affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish