ACCEPTED
07-15-00009-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
7/9/2015 11:17:11 AM
Vivian Long, Clerk

No. 07-15-00009-CR

**IN THE**

**COURT OF APPEALS FOR THE**

**SEVENTH SUPREME JUDICIAL DISTRICT**

**SITTING AT AMARILLO, TEXAS**

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

7/9/2015 11:17:11 AM

VIVIAN LONG
CLERK

_____

TONY HARRELL-MACNEIL,

*APPELLANT*

V.

THE STATE OF TEXAS

_____

AN APPEAL OF A CONVICTION FOR DRIVING WHILE INTOXICATED
CAUSE NO. 20134973CR1
FROM THE COUNTY COURT AT LAW NO. 1 OF
MCLENNAN COUNTY, TEXAS

_____

**STATE'S BRIEF**

_____

ABELINO "ABEL" REYNA
Criminal District Attorney
McLennan County, Texas

STERLING HARMON
Appellate Division Chief
State Bar No. 09019700

219 North 6th Street, Suite 200
Waco, Texas 76701
[Tel.] (254) 757-5084
[Fax] (254) 757-5021
[Email]
sterling.harmon@co.mclennan.tx.us

i

## Identity of Parties and Counsel

**Appellant**                                        Tony Harrell-MacNeil

**Appellant's Trial and
Appellate Attorney**                        Mr. Walter M. Reaves, Jr.
                                                       100 North Sixth Street, Suite 802
                                                       Waco, Texas  76701

**State's Trial Attorneys**                 Mr. David Shaw
                                                       Assistant Criminal District
                                                       Attorney
                                                       219 North 6th Street, Suite 200
                                                       Waco, Texas 76701

**State's Attorney on Appeal**           Abelino 'Abel' Reyna
                                                       Criminal District Attorney
                                                       Sterling Harmon
                                                       Appellate Division Chief
                                                       219 North 6th Street, Suite 200
                                                       Waco, Texas 76701

# Table of Contents

**Identity of Parties and Counsel** ................................................................. **ii**

Table of Contents ...........................................................................................iii

TABLE OF AUTHORITIES..........................................................................iv

Issue Presented .............................................................................................. v

Statement of Facts ..........................................................................................1

Summary of Argument ............................................................................ 2

Argument ................................................................................................. 2

Reasonableness of a Blood Draw……………………………………….. 2

Abuse of Discretion ………………………………………………… 3

Analysis ………………………………………………………….. 4

Prayer ………………………………………………………………… 7

Certificate of Compliance …………………………………………… 8

Certificate of Service ......................................................................................8

# TABLE OF AUTHORITIES

**Federal Opinions**

*Schmerber v. California*, 384 U.S. 758, 86 S.Ct. 1826 (1966) ……………… 2, 6

**State Opinions**

*Bailey v. State*, 2014 WL 3893069
   (Tex. App. – Austin, August 8, 2014) ………………………………. 2, 4, 5
*Carmouche v. State*, 10 S.W. 3d 323 (Tex. Crim. App. 2000) ……………….. 3
*DeMoss v. State*, 12 S.W. 3d 553
   (Tex. App. – San Antonio 1999, *pet. ref'd*) ………………………………. 5
*Garner v. State*, 2012 WL 6674488
   (Tex. App. – Waco, December 20, 2012) ……………………………… 5, 6
*Guzman v. State*, 955 S.W. 2d 85 (Tex. Crim. App. 1997) ………………….. 3
*Haynes v. State*, 457 S.W. 2d 739 (Tex. Crim. App. 1971) ………………… 5
*Martinez v. State*, 348 S.W. 3d 919 (Tex. Crim. App. 2011) ……………….. 3
*State v. Dixon*, 206 S.W. 3d 587 (Tex. Crim. App. 2008) …………………… 3
*State v. Johnson*, 336 S.W. 3d 649 (Tex. Crim. App. 2011) ……………… 3, 6
*State v. Kelly*, 204 S.W. 3d 808 (Tex. Crim. App. 2006) …………………… 3
*State v. Robinson*, 334 S.W. 3d 776 (Tex. Crim. App. 2011) ……………….. 3
*Valtierra v. State*, 310 S.W. 3d 442 (Tex. Crim. App. 2010) ………………… 3

**Rules**

*Tex. R. App. P. 9.4(e)* ……………………………………………………….. 8
*Tex. R. App. P. 9.4(i)* ………………………………………………………… 8
*Tex. R. App. P. 9.4(i)(1)* ……………………………………………………… 8

**Issue Presented**

Did the trial court err in denying Appellant's motion to suppress due to the executing officer's failure to comply with a term of the search warrant?

## Statement of Facts

Appellant was charged by information with the offense of Driving While Intoxicated. (CR I – 5). Appellant filed a Motion to Suppress, challenging the admission of blood test results. (CR I – 11, et seq.). The basis alleged for suppression was that the executing officer failed to comply with the warrant provision requiring that Appellant's blood be drawn at a hospital. (CR I – 11, et seq.).

The trial court conducted a hearing on the Motion to Suppress. (RR I). Appellant entered into evidence the Search Warrant with appended Order for Assistance in Execution of Search Warrant (RR I, Defendant's Exhibit 1); and the Affidavit of Person Who Withdrew Blood (RR I, Defendant's Exhibit 2). The parties stipulated to the facts surrounding the issuance and execution of the search warrant. (RR I – 9). Those facts, as articulated by Appellant's counsel, were that the investigating officer obtained a search warrant for Appellant's blood; that the warrant directed the officer to transport Appellant to a hospital for the blood draw; and that the blood draw was instead performed at the county jail. (RR I – 5).

Appellant argued that the blood test result should be suppressed because the officer did not comply with the provision requiring that the blood be drawn at a hospital. (RR I – 5-6). The State took the position that the hospital requirement was "boilerplate" language from a preprinted form which should not outweigh considerations of reasonableness, as required by the Fourth Amendment. (RR I – 6).

The trial court denied the Motion to Suppress by written order.  (CR I – 16).  In its order, the trial noted that the Affidavit of Person Who Withdrew Blood indicated that the blood specimen was taken "by a Licensed Vocational Nurse … using reliable procedures as recognized by the scientific community in the state of Texas and in a sanitary place."  (CR I – 16).  The court further cited its reliance on *Bailey v. State*, 2014 WL 3893069 (Tex. App. – Austin, August 8, 2014).  Appellant subsequently entered his guilty plea, preserving his right to appeal the suppression.  (CR I – 22-24).

## Summary of Argument

The trial court did not abuse its discretion in denying Appellant's motion to suppress, as the executing officer's failure to comply with a term of the search warrant did not prejudice the Appellant.

## Argument

### Reasonableness of a Blood Draw

The United States Supreme Court addressed warrantless blood draws in the case of *Schmerber v. California*, 384 U.S. 758, 86 S.Ct. 1826 (1966).  In finding that a blood draw constituted a search, the Supreme Court determined that the means and procedures employed in taking a subject's blood must respect relevant Fourth Amendment standards for reasonableness.  *Schmerber* at 768.  In analyzing blood draw searches in light of the *Schmerber* requirements, the Texas Court of Criminal Appeals has determined that blood drawn in accordance with acceptable medical

2

practices is reasonable. *State v. Johnson*, 336 S.W. 3d 649, 664 (Tex. Crim. App. 2011). In the case at bar, Appellant introduced the Affidavit of Person Who Withdrew Blood, showing that Appellant's blood was taken "by a Licensed Vocational Nurse … using reliable procedures as recognized by the scientific community in the state of Texas and in a sanitary place." There is no evidence in the record contrary to the proposition that the manner of taking Appellant's blood was unreasonable.

**Abuse of Discretion**

The standard of review applicable to a trial court's ruling on a motion to suppress is abuse of discretion. *Martinez v. State*, 348 S.W. 3d 919, 922 (Tex. Crim. App. 2011); *State v. Dixon*, 206 S.W. 3d 587, 590 (Tex. Crim. App. 2008). As such, the trial court's ruling will be overturned only if it falls outside the zone of reasonable disagreement. The reviewing court applies a bifurcated standard, giving almost total deference to the trial court's findings of historical fact; and reviewing *de novo* the trial court's application of the law of search and seizure. *Carmouche v. State*, 10 S.W. 3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W. 2d 85, 89 (Tex. Crim. App. 1997). The reviewing court views the evidence in the light most favorable to the ruling. *State v. Robinson*, 334 S.W. 3d 776, 778 (Tex. Crim. App. 2011); *State v. Kelly*, 204 S.W. 3d 808, 819 (Tex. Crim. App. 2006). The trial court's ruling will be upheld if it is reasonably supported by the record and correct on any applicable theory of law. *Valtierra v. State*, 310 S.W. 3d 442, 448 (Tex. Crim. App. 2010); *Dixon* at 590.

**Analysis**

The historical facts of the case are undisputed. The search warrant commanded any peace officer to search for, seize and maintain as evidence human blood from the body of the Appellant. The warrant further directed that Appellant be transported to a hospital in McLennan County, where the search was to be conducted. No claim has been asserted that the warrant was in any way invalid.

It is further undisputed that the blood draw was done at the McLennan County Jail by a licensed vocational nurse, using reliable procedures recognized by the scientific community in the State of Texas and in a sanitary place.

In the case at bar, Appellant argues that the executing officer's "blatant disregard" of explicit directions contained in a search warrant cannot be reasonable, and the evidence obtained through the warrant must be suppressed. In considering this assertion, and disregarding it, the trial was guided by an unpublished opinion of the Austin Court of Appeals, *Bailey v. State*, 2014 WL 3893069 (Tex. App. – Austin, August 8, 2014). In *Bailey*, the appellant complained that the blood search warrant was executed at a hospital rather than the county jail, as directed in the warrant. *Bailey* at 1.

The Austin court noted that appellant cited to no authority holding that blood obtained pursuant to a valid search warrant may be drawn only at the location specified in the warrant. *Bailey* at 2. The court found that

4

transporting the appellant to a hospital to draw blood did not violate any federal or state constitutional or statutory law. *Id*.

The Austin Court of Appeals noted the well-established rule that, while the scope of a search warrant is limited by its terms, the search may be as extensive as is reasonably required to locate the items described in the warrant. *Id*. In support of this proposition, the court cited to *Haynes v. State*, 457 S.W. 2d 739, 741-742 (Tex. Crim. App. 1971) and *DeMoss v. State*, 12 S.W. 3d 553, 558 (Tex. App. – San Antonio 1999, *pet. ref'd*). *Bailey*, fn. 10.

While the appellant in *Bailey* argued that the search was unreasonable because the officer exceeded the warrant requirement by transporting him to the hospital, Appellant in the case at bar takes the contrary position that the blood draw was unreasonable because the officer neglected to avail himself of the full range of acts authorized to accomplish the purpose of the warrant. To adopt this position would be to insist on an illogical, hyper-technical interpretation of warrants which, in fact, is not reasonable.

The Waco Court of Appeals has rejected a hyper-technical analysis of search warrants. In the unpublished opinion of *Garner v. State*, 2012 WL 6674488 (Tex. App. – Waco, December 20, 2012), that court reviewed the denial of a motion to quash predicated on a claim that the serving officers failed to provide the appellant a copy of the written inventory. The appellant claimed that the officers "clearly chose to disregard the law" and because of this, he was unaware of the nature of the search warrant, the

allegations in the affidavit, the directives of the warrant and the evidence taken when the warrant was executed. *Garner* at 2.

The Court noted that Garner had been given a copy of the search warrant and inventory by his attorney before trial, and there was nothing in the record to show that he was surprised, harmed or prejudiced by the failure of the officers to provide him with a copy of the search warrant and inventory at the scene. *Id*. Finding that the purpose of serving the inventory had been accomplished, the Court found that Garner had not been prejudiced by the officers' failure to comply with the applicable provision of the Code of Criminal Procedure. *Id*. As such, the Court found that the trial court had not abused discretion in denying the motion to quash. *Id*.

By analogy, Appellant in the case at bar has likewise failed to demonstrate prejudice. The warrant directed that Appellant be taken to a hospital for the blood draw. The purpose of this provision was clearly to assure that the blood draw was done in a reasonable manner in accordance with acceptable medical practices. *Johnson* at 664. The evidence adduced at the suppression hearing showed that a qualified person performed the blood draw using reliable procedures as recognized by the scientific community in the state of Texas and in a sanitary place. The purpose of the the provision having been fulfilled, Appellant suffered no prejudice.

The reasonableness of the blood draw, as required by *Schmerber* and *Johnson*, having been shown by the evidence, the trial court did not abuse

6

its discretion in finding that Appellant was not prejudiced by taking his blood at the county jail.

Appellant's point of error is without merit.

**Prayer**

For the foregoing reasons, the State of Texas prays that this Honorable Court affirm the trial court's denial of the motion to suppress, and prays for such other and further relief as may be provided by law.

Respectfully Submitted:
**ABELINO 'ABEL' REYNA**
Criminal District Attorney
McLennan County, Texas

/s/ Sterling Harmon
**STERLING HARMON**
Appellate Division Chief
219 North 6th Street, Suite 200
Waco, Texas 76701
[Tel.] (254) 757-5084
[Fax] (254) 757-5021
[Email]
sterling.harmon@
co.mclennan.tx.us
State Bar No. 09019700

## Certificate of Compliance

This document complies with the typeface requirements of *Tex. R. App. P.* 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of *Tex. R. App. P.* 9.4(i), if applicable, because it contains 1,546 words, excluding any parts exempted by *Tex. R. App. P.* 9.4(i)(1).

## Certificate of Service

I certify that I caused to be served a true and correct copy of this State's Brief by E-Filing Service on Appellant's attorney of record.

DATE: 7/9/15\_\_\_\_

/S/ STERLING HARMON_____

STERLING HARMON