

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00009-CR
No. 07-15-00259-CR

_____

TONY HARRELL-MACNEIL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from County Court at Law
McLennan County, Texas
Trial Court No. 20134973CR1; Honorable Mike Freeman, Presiding

August 25, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following pleas of guilty, Appellant, Tony Harrell-MacNeil, was convicted of two misdemeanor offenses: driving while intoxicated[1] and reckless driving.[2] He was sentenced to 365 days confinement and a $4,000 fine for driving while intoxicated,

[1] TEX. PENAL CODE ANN. § 49.04(d) (West Supp. 2016).

[2] TEX. TRANSP. CODE ANN. § 545.401(a) (West 2011).

suspended for twenty-four months, and thirty days confinement and a $200 fine for reckless driving, suspended for six months. By his notice of appeal,[3] Appellant challenged both convictions;[4] however, in his brief, he presents a single issue challenging the trial court's ruling on his motion to suppress evidence related to his conviction for driving while intoxicated. Consequently, the judgment for his reckless driving conviction is affirmed. Regarding his conviction for driving while intoxicated, he asserts the trial court erred in denying his motion to suppress where the officer executing a blood warrant blatantly disregarded instructions regarding how it should be executed. That conviction is also affirmed.

BACKGROUND

Appellant was arrested for driving while intoxicated. A search warrant was issued directing that he be taken into custody and transported to a hospital in McLennan County for his blood to be seized. Instead, his blood was drawn at the county jail by a nurse. Appellant filed a motion to suppress the results of the blood draw asserting violations of his constitutional and statutory rights.

At the hearing on his motion, no witnesses were presented. Instead, Appellant introduced into evidence the search warrant and an affidavit from the person who drew his blood. The warrant in question instructed the peace officer "to take custody of the

---

[3] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this court on any relevant issue. TEX. R. APP. P. 41.3.

[4] Originally, one appeal was filed from two separate judgments. For purposes of clarity, this court ordered the appeal severed into two separate appellate cause numbers. *See Harrell-MacNeil v. State*, No. 07-15-00009-CR, 2015 Tex. App. LEXIS 6890 (Tex. App.—Amarillo June 29, 2015, order) (not designated for publication).

2

suspect and transport the suspect to [a] hospital . . . where you shall search for, seize and maintain . . . human blood . . . ." The affidavit from the person who drew the blood recites he is employed by the sheriff's office and is a licensed vocational nurse. The affidavit states that betadine was used to disinfect Appellant's arm and the blood specimen was taken using reliable procedures recognized by the scientific community in a sanitary place. In addition, the State introduced into evidence a blood withdrawal procedure form signed by the arresting officer and the nurse. The form provides that Appellant consented to having his blood drawn.

At the hearing, Appellant argued the blood evidence should be suppressed for failure to comply with the warrant requirements that the blood be drawn at a hospital. The State argued that the warrant's provision that Appellant be taken "to the hospital" is merely boilerplate language and what is material is the place to be searched—to-wit: Appellant's body, not the place where the search is to be conducted. The State further argued that because Appellant consented to the blood draw, it became consensual, which is an exception to a warrant requirement. Arguing reasonableness, the State maintained it complied with the warrant by seizing what was authorized—Appellant's blood. The trial court denied Appellant's motion to suppress.

APPLICABLE LAW

The trial court's ruling on a motion to suppress is reviewed under a bifurcated standard. *Cole v. State*, __ S.W.3d __, No. PD-0077-15, 2016 Tex. Crim. App. LEXIS 84, at *8 (Tex. Crim. App. May 25, 2016). First, we afford almost total deference to the trial court's determination of historical facts. *Id.* The trial court is the sole trier of fact concerning the credibility of the witnesses and the weight to be given their testimony.

3

When, as here, findings of fact are not entered, we view the evidence in the light most favorable to the trial court's ruling and assume the judge made implicit findings of fact that support the ruling as the record supports those findings. *Id.* Second, we review the trial court's application of the law to the facts *de novo.* We will uphold the trial court's ruling if the record reasonably supports that ruling and is correct on any theory of law applicable to the case. *Id.*

The touchstone of the Fourth Amendment's protection against unreasonable searches and seizures is reasonableness. *Riley v. California*, 2014 U. S. LEXIS 4497, __ U.S. __, 134 S. Ct. 2473, 2482, 189 L. Ed. 2d 430 (2014). A blood draw implicates the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 771, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966). The assessment of reasonableness in a blood draw is purely a matter of Fourth Amendment law. *State v. Johnston*, 336 S.W.3d 649, 661 (Tex. Crim. App. 2011). Texas's implied consent statutes do not apply when there is a warrant to draw blood. *Beeman v. State*, 86 S.W.3d 613, 616-17 (Tex. Crim. App. 2002).

ANALYSIS

In denying Appellant's motion to suppress, the trial court relied on *Bailey v. State*, No. 03-13-00566-CR, 2014 Tex. App. LEXIS 8711 (Tex. App.—Austin Aug. 8, 2014, no pet.) (mem. op., not designated for publication). In *Bailey*, the search warrant provided that the defendant be taken to the Lampasas County Jail to seize his blood. Bailey was instead taken to a local hospital where his blood was draw by a nurse. *Id.* at *2. Bailey moved to suppress the results of the blood drawn arguing the procedure exceeded the scope of the warrant because the location where the blood was drawn was not authorized by the warrant. The trial court denied the motion to suppress.

4

On appeal, the trial court's ruling was upheld. The court found that the procedure in having the blood drawn at the hospital instead of in jail did not violate any constitutional or statutory law. The court acknowledged that while the scope of a search warrant is limited by its terms, the search may be as extensive as is reasonably required to locate items described in the warrant. *Id.* at *6 (citing *DeMoss v. State*, 12 S.W.3d 553, 558 (Tex. App.—San Antonio 1999, pet. ref'd)). The item to be located was human blood from Bailey's body. The court found it was not unreasonable to have the blood drawn at a hospital rather than in the county jail. *See Bailey*, 2014 Tex. App. LEXIS 8711, at *6. *See also Johnston*, 336 S.W.3d at 661 (noting that a blood draw in accordance with acceptable medical practices is reasonable).

Appellant posits that *Bailey* does not apply. We disagree. As in *Bailey*, the object of the search warrant was human blood. It was immaterial whether the blood was drawn in a hospital or the county jail, so long as the procedure was reasonable.

Appellant contends the officer "blatantly disregarded" the terms of the search warrant resulting in a violation of his rights. Because we are mandated to follow precedent from a transferor court, we note the Waco Court of Appeals has rejected a similar challenge. In *Garner v. State*, No. 10-12-00082-CR, 2012 Tex. App. LEXIS 10580 (Tex. App.—Waco Dec. 20, 2012, no pet.) (mem. op., not designated for publication), the appellant argued he suffered prejudice when officers "clearly chose to disregard the law" in failing to comply with article 18.06 of the Texas Code of Criminal Procedure by failing to provide him with a copy of the search warrant and a copy of the inventory of the property taken. The court determined that, while strict adherence to the letter of the article had not been complied with, the appellant was not harmed because

5

he testified at the motion to suppress hearing that his attorney had provided him with copies of the required documents. *Id.* at *3-4. As in *Bailey*, although the strict provisions of the law were not followed, the search was not invalidated.

Analogous to the search of a container that may conceal the object of a search authorized by a warrant, *United States v. Giwa*, 831 F.2d 538, 543-44 (5th Cir. 1987), Appellant's body was the container for the item to be seized—his blood. The location where the blood was drawn was not material to the warrant. The warrant was executed without violating Appellant's constitutional or statutory rights.

Because we find that the location of the blood draw was reasonable and performed using reliable and sanitary procedures recognized by the scientific community, Appellant's rights were not violated. Our conclusion dispenses with the necessity that we address Appellant's argument that his consent was involuntary because it was obtained after being told the officer had obtained a search warrant. *See* TEX. R. APP. P. 47.1. Appellant's sole issue is overruled.

CONCLUSION

The trial court's order denying Appellant's motion to suppress is affirmed and the judgments for Appellant's convictions are affirmed.

Patrick A. Pirtle
Justice

Do not publish.

6