In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00308-CR
NO. 09-18-00309-CR
_____

MARTIN SANTIAGO HERNANDEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause Nos. 17-10-12128-CR & 17-12-15371-CR

**MEMORANDUM OPINION**

Appellant Martin Santiago Hernandez appeals his convictions in trial cause number 17-10-12128 for aggravated sexual assault of a child and in trial cause number 17-12-15371 for indecency with a child by contact, arguing that the jury charge subjected him to double jeopardy and permitted the jury to render a non-

unanimous verdict. *See* Tex. Penal Code Ann. §§ 21.11(a)(1), 22.021(a)(1)(B). We affirm.

Background

On December 19, 2017, in two indictments, a grand jury indicted Hernandez for aggravated sexual assault of a child and for indecency with a child by contact, alleging that on or about May 1, 2013, he "intentionally or knowingly caused the defendant's sexual organ to contact and/or penetrate the sexual organ of [Yancy], a child who was then and there younger than 14 years of age[]" and "with intent to arouse and gratify the sexual desire of the defendant, engage[d] in sexual contact by touching the genitals of [Yancy], a child younger than 14 years of age[.]"[1]

Hernandez was tried before a jury in July 2018. At trial, Yancy's mother Rhonda testified that Yancy went through a period starting in third grade where she became quieter, was unhappy, and did poorly at school. After some time, in May 2016, Yancy told her mother that Hernandez abused her and that Hernandez had "touched his intimate part inside her intimate part[]" when Yancy was eight years old. Rhonda explained that Hernandez is married to her sister, and when Rhonda

---

[1] We identify the victim and her family members, except the Defendant, with pseudonyms. *See* Tex. Const. art. I, § 30(a)(1) (granting victims of crimes "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

2

confronted Hernandez about what Yancy had told her, he replied "I'm sorry[]" several times.

At trial, Yancy identified the defendant, Martin Hernandez, as her uncle and the man who abused her sexually, and she testified that the incident occurred after she took a shower at Hernandez's house where she was visiting her cousin. According to Yancy, she was sitting on the toilet after her shower, and her uncle closed the toilet and sat her on top of it and then "[h]e touched [her] private part with his fingers." She also stated that her "private part" is also called her vagina. Yancy testified that Hernandez touched her with his fingers and his fingers "stayed on the outside." Yancy went on to say that Hernandez then asked her "Do you want me to do it with my part?" and "[o]ut of curiosity[,]" she said "yes." Yancy testified that Martinez then pulled his pants down, knelt down, and "put his private part on [her] private part[]" by moving his body forward. Yancy also stated that his penis did not just stay on the outside, but "[i]t went more than that[]" and it felt "[w]eird." Yancy did not recall how long he stayed with his penis inside her, but that Hernandez "pulled out and pulled his pants back on[]" and told her not to say anything to anyone. Afterwards, she got dressed and did not tell anyone what happened.

Yancy testified that her grades at school dropped and she thought it was "because of that night[]" because she thought a lot about it and it was hard for her to

concentrate. She testified that she also had nightmares and sometimes woke up during the night unable to breathe. Yancy recalled that she told her mother about the incident on Mother's Day a couple of years later. Yancy testified that she "got to a point that [she] couldn't take it anymore," so she told her mother what happened. At trial, Yancy identified Hernandez as the person who put his hand on her private area and as the person who put his penis in her private area.

Sexual assault nurse examiner (SANE) Lori Long read from her report from her forensic examination of Yancy as follows:

> . . . Patient states when I was nine I was at my Uncle Martin's house spending time with family and went to take a shower. I didn't know how to make the shower part work. So my uncle came in to help me. He poured water from a cup over me. When I was done I told him to go so I could go pee. He said, no, he had to stay and make sure I was clean. I was still naked from the shower. He had pushed me back onto the toilet, and he put his private part in mine here -- pointing to female genitalia. He pushed his private part into me, and it hurt. I said stop. He kept trying, but then he just stopped and walked out of the bathroom. I finally told my mom yesterday because it was Mother's Day. I felt sad keeping this secret from her.

The jury unanimously found Hernandez guilty of both charges. Hernandez elected to have the court determine his sentence, and after a hearing on punishment, the trial court sentenced Hernandez to forty years of confinement in cause number 17-10-12128 for the offense of aggravated sexual assault of a child and twenty years

4

of confinement in cause number 17-12-15371 for the offense of indecency with a child by contact, and ordered that the sentences run consecutively.

In a single issue on appeal, Appellant argues that the jury charge in the indecency charge erroneously fails to define "touch," which (1) allowed the jury to render a non-unanimous verdict and (2) subjected him to double jeopardy based on the requirements of the aggravated sexual assault charge.

Unanimity

Under Texas law, jury unanimity is required in all criminal cases. *Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014). A jury must reach a unanimous verdict about a specific felony that the defendant committed, meaning the jury must agree upon "'a single and discrete incident that would constitute the commission of the offense alleged.'" *See Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011) (quoting *Stuhler v. State*, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007)). While jury unanimity generally is not required on the alternate modes or means of commission, the jurors must all agree "that the defendant committed the same, single, specific criminal act." *See Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). The Court of Criminal Appeals has also stated that the protection against double jeopardy does not apply to separate and distinct offenses that occur during

5

the same transaction. *See Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013).

A defendant may choose to require the State to elect a specific criminal act that it relies upon for conviction. *See Cosio*, 353 S.W.3d at 775. Even if the defendant does not require an election, "guaranteeing unanimity is ultimately the responsibility of the trial judge[,]" and "[t]he trial judge is therefore obligated to submit a charge that does not allow for the possibility of a non-unanimous verdict." *Id.* at 776.

Hernandez concedes that for both charges, his trial counsel did not object to the charge and did not request a lesser-included instruction.[2] Reversal for an unobjected-to erroneous jury instruction is proper only if the error caused actual, egregious harm to the appellant, not merely theoretical harm. *Arrington v. State*, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Actual egregious harm is established if the jury charge affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Arrington*, 451 S.W.3d at 840; *Almanza*, 686 S.W.2d at 172. This analysis is fact-specific and is done on a case-by-case basis.

---

[2] Hernandez does not raise sufficiency of the evidence or effective assistance of counsel issues in this appeal.

6

*Arrington*, 451 S.W.3d at 840 (citing *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013)). When assessing harm based on the particular facts of the case, we consider (1) the entire jury charge; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. *See id.* (citing *Almanza*, 686 S.W.2d at 171). An appellate court will "inquire about the likelihood that the jury would in fact have reached a non-unanimous verdict on the facts of the particular case." *Jourdan*, 428 S.W.3d at 98.

In this case, the trial court told the jury "[t]here are actually two charges that you'll be considering in this case." Two separate jury charges were presented to the jury, and each instructed the jury that they must "unanimously agree[] upon a verdict[]." In her opening statement, the prosecutor advised the jury that there were two charges. And in closing, the State asked the jury to "find[] the defendant guilty of aggravated sexual assault of a child[]" and "also find[] the defendant guilty of indecency with a child by contact." The prosecutor also asked the jury to "find the defendant guilty of both counts." The jury returned two signed verdict forms, one for each of the offenses charged. After the jury's verdicts were read, the jury told the court that their verdicts were unanimous, and the jury was polled.

According to Appellant, the complainant

7

> . . . alleged that Appellant had initially touched the outside of the complainant's vagina with his fingers and had moved his fingers while doing so. [] The complainant then stated that Appellant had caused his penis to contact her vagina by putting his genitalia on her genitalia. [] The complainant testified that Appellant then pushed his penis into her vagina and remained there for an unknown period of time before removing it and instructing her not to tell anyone.

Appellant does not argue that there were contested issues such as identity of the assailant or defensive theories, but that "it is apparent that the jury unanimously agreed that Appellant's sexual organ had touched the complainant's sexual organ, but the jury was not required to unanimously agree that Appellant's fingers had touched the complainant's vagina."

Appellant argues that "it is entirely possible that at least some jurors believed the indecency charge had also been satisfied by the genitalia-to-genitalia contact alleged by the complainant." Such theoretical harm falls short of the *Almanza* requirement that an appellant must show actual, egregious harm in order to obtain a reversal. *See Almanza*, 686 S.W.2d at 171; *see also Arrington*, 451 S.W.3d at 840. Even assuming without deciding that the jury charges in this case permitted non-unanimous verdicts on the evidence presented in the case, the parties and the trial judge told the jury that the verdict must be unanimous regarding each charged offense. The record indicates that the victim testified that Hernandez had touched her vagina with his fingers and he penetrated her vagina with his penis. The jury was

not persuaded by the defendant's arguments. On this record, it is logical to infer that the jury unanimously agreed that Hernandez committed aggravated sexual assault of a child and indecency with a child by contact as alleged in the indictments. *See Cosio*, 353 S.W.3d at 777-78. We conclude that the Appellant has failed to demonstrate that any error regarding unanimity caused actual egregious harm to Appellant.

## Double Jeopardy

Separate charges of indecency with a child and sexual assault of a child are proper when the evidence indicates separate offenses took place. *See, e.g.*, *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding that when two penetrations were separated by a short period of time, two independent assaults occurred); *Bottenfield v. State*, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref'd) (holding that even though appellant's two acts may have been committed during the same occurrence, appellant's touching of the victim's genitals with his finger was a separate and distinct criminal act from touching her genitals with his penis); *Murray v. State*, 24 S.W.3d 881, 889 (Tex. App.—Waco 2000, pet. ref'd) (holding defendant's double jeopardy rights were not violated by his punishment for both aggravated sexual assault and indecency with a child because the evidence at trial showed he "committed two separate acts--penetrating the victim's female

9

sexual organ with his finger and touching her genitals with his tongue--that constituted two separate offenses"); *Hutchins v. State*, 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref'd) (affirming convictions for aggravated sexual assault and indecency with a child by contact because the acts, although close in time, were separate).

When the State uses one act to prove both offenses, courts have held indecency with a child to be a lesser-included offense of aggravated sexual assault. *See, e.g.*, *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009); *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). In contrast, when the evidence supporting an indecency charge is distinct from that supporting the charge of aggravated sexual assault, the indecency charge will not be a lesser-included offense of the aggravated sexual assault, and both may be prosecuted without violating the double-jeopardy clause. *See, e.g.*, *Bottenfield*, 77 S.W.3d at 358.

In *Bottenfield*, the complainant testified that the appellant put his penis on her "privates" and also he touched the outside of her "privates" with his finger. *Id.* The Fort Worth Court of Appeals stated that "[a]lthough the two acts in [this] case may have been committed during the same occurrence, appellant's touching of [the victim's] genitals with his finger was a separate and distinct criminal act from contacting her sexual organ with his penis." *Id.* (citing *Hutchins*, 992 S.W.2d at 633);

10

*see also Murray*, 24 S.W.3d at 889; *DeMoss v. State*, 12 S.W.3d 553, 560 (Tex. App.—San Antonio 1999, pet. ref'd). Accordingly, the Court concluded that the appellant's conviction for aggravated sexual assault was not based on the same conduct underlying his conviction for indecency, the evidence was sufficient to show that more than one offense was committed by the appellant with the victim, and submission to the jury of both aggravated sexual assault and indecency was proper. *See id.* (citing *Beltran v. State*, 30 S.W.3d 532, 534 (Tex. App.—San Antonio 2000, no pet.); *Hutchins*, 992 S.W.2d at 633).

The Court of Criminal Appeals has explained that "[a]n offense may be factually subsumed when there is a single act that cannot physically occur in the absence of another act." *Maldonado v. State*, 461 S.W.3d 144, 149 (Tex. Crim. App. 2015). In this case, Yancy testified that Hernandez touched her vagina with his fingers. She also testified that, after that he pulled his pants down and "put his private part on [her] private part[]" and his penis went inside her. Applying the reasoning from *Maldonado*, we conclude that the act of touching Yancy's vagina with his fingers could occur in the absence of penetrating her vagina with his penis. *See id.* Therefore, under these facts, the act of indecency by contact was not subsumed by the aggravated sexual assault. There were separate acts of contact and penetration,

11

and the multiple convictions do not subject Hernandez to double jeopardy. *See id.* at

149-50; *Bottenfield*, 77 S.W.3d at 358.

We overrule Hernandez's issue and affirm the judgments of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on July 3, 2019
Opinion Delivered November 20, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.